UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAHUM AVENDANO-RUIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SEBASTOPOL, et al.,<br><br>    Defendants. | Case No. 15-cv-03371-RS<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND CERTIFICATION FOR INTERLOCUTORY REVIEW** |

## I.     INTRODUCTION

Dissatisfied with the denial of their motion for summary judgment, defendants seek leave to file a motion for reconsideration pursuant to Local Rule 7-9(b)(3). In the alternative, they request certification for interlocutory review pursuant to 28 U.S.C. § 1292(b). Defendants have done nothing more than improperly rehash old arguments and argue issues they raised for the first time in reply. Accordingly, they have failed to demonstrate any manifest error warranting reconsideration or extraordinary circumstances to justify an interlocutory appeal.

## II.     RECONSIDERATION

To qualify for leave to file such a motion, a party must demonstrate "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Local Rule 7-9(b)(3). The rules are quite clear that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Local Rule 7-9(c). Parties that choose to ignore this admonition

"shall be subject to appropriate sanctions." *Id.*

Yet, defendants do just that: they contend the order includes legal errors and rehash the arguments raised in their moving papers and reply briefs. In particular, defendants repeat their argument that violation of a *criminal* traffic statute in the presence of a police officer justifies vehicle impoundment. They assert the order fundamentally misapplied *Miranda v. Cornelius*, 429 F.3d 858, 864 (9th Cir. 2005), because that case did not involve a criminal traffic infraction. To the contrary, defendants ignore and misapply *Miranda*'s explicit holding: "A driver's *arrest*, or citation for a non-criminal traffic violation as in this case, is not relevant except insofar as it affects the driver's ability to remove the vehicle from a location at which it jeopardizes the public safety or is at risk of loss." *Id.* (emphasis added). The Ninth Circuit made its position on the distinction between criminal and non-criminal statutes quite clear, albeit in dicta, but nonetheless clearly instructive. *See Sheet Metal Workers Pension Trust of N. California v. Trayer Eng'g Corp.*, No. 15-CV-04234-LB, 2016 WL 1745676, at *4 (N.D. Cal. May 3, 2016) ("Even if it were technically *dicta*, though, it expresses clearly and forcefully the Ninth Circuit's view on the matter.").

Defendants also argue that it was improper to rely on the reasoning of *Sandoval v. County of Sonoma*, 72 F. Supp. 3d 997, 1000 (N.D. Cal. 2014), because the facts of *Sandoval* and this case are different. This contention overlooks two fundamental points. First, the order acknowledged the factual differences between the two cases, but nevertheless found the reasoning of the *Sandoval* court persuasive. Second, the opinions of other district courts are persuasive, not binding, and the *Sandoval* opinion was treated as such. Defendants may not like the fact this court found *Sandoval*'s reasoning persuasive, but such disagreement alone is not the sort of manifest error that warrants a motion for reconsideration.

Perhaps more troubling is the fact defendants contend the court manifestly failed to consider a legal argument it raised for the first time in reply: that they could impound Avendano-Ruiz's car as an "instrumentality of crime." Defendants' new argument was improper, and therefore defendants' motion would have been denied even had they raised a dispositive legal

argument. Despite the fact Avendano-Ruiz has never had the opportunity to respond to this new argument, the court read the authorities and was unpersuaded by defendants' argument. The analysis was not essential to the outcome, and therefore defendants' current attempt to use analysis of their improper argument to unlock a motion for reconsideration is not well taken. Accordingly, defendants' motion for leave to file a motion for reconsideration is denied. While sanctions certainly would be available under the applicable local rule, the court will refrain from imposing them.

### III.   CERTIFICATION FOR APPEAL

In the alternative, defendants request an amendment to the order authorizing an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Such a motion must conform to Local Rule 7-2, which defendants' motion does not, and it accordingly will be denied without prejudice. Should defendants wish to request certification from this court, they must file and properly notice the motion.

### IV.   CONCLUSION

Defendants' motions for leave to file a motion for reconsideration and for certification for an interlocutory appeal are denied.

**IT IS SO ORDERED**.

Dated:  June 27, 2016

_____
RICHARD SEEBORG
United States District Judge