UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAHUM AVENDANO-RUIZ,<br>Plaintiff,<br>v.<br>CITY OF SEBASTOPOL, et al.,<br>Defendants. | Case No. 15-cv-03371-RS<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS COUNT THREE<br>OF THE FOURTH AMENDED<br>COMPLAINT** |

**I. Introduction**

On a Sunday morning in August 2014, Officer Charles Wong of the Sebastopol Police Department ("SPD") stopped plaintiff Nahum Avendano-Ruiz for a traffic violation. Upon discovering that Avendano-Ruiz did not have a valid license and had previously been convicted of driving without a valid license, Officer Wong arranged for Avendano-Ruiz's car to be towed and impounded for thirty days pursuant to California Vehicle Code section 14602.6. At the subsequent tow hearing, Avendano-Ruiz attempted to retrieve his car before the 30-day period expired, but the SPD and Chief Police Officer Jeremy Weaver ordered the impound to continue. Count Three of Avendano-Ruiz's Fourth Amended Complaint ("FAC") avers that the impounding of his car for thirty days was a physical taking of personal property without just compensation, in violation of the Fifth Amendment to the United States Constitution. Avendano-Ruiz contends that he and others similarly situated are entitled to be compensated for the reasonable rental value of their respective vehicles during the period of impoundment. Defendants City of Sebastopol and

1  Sebastopol Police Department move to dismiss Count Three on the basis that the takings claim is
2  not ripe for federal court adjudication and the FAC fails to allege facts sufficient to support a
3  claim under the Takings Clause.

4  Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral
5  argument, and the hearing set for September 28, 2017, is vacated. Defendants' motion to dismiss
6  Count Three of the FAC is granted.

## II. Background

On July 21, 2015, Avendano-Ruiz filed the original Complaint on behalf of similarly situated people against the City of Sebastopol, the SPD, and Chief Weaver in his personal and official capacities, asserting two claims for relief pursuant to 42 U.S.C. § 1983 and California Civil Code section 52.1. Defendants' motion to dismiss Count Three of the First Amended Complaint (for procedural due process) was granted in October 2015, with leave to amend. Avendano-Ruiz filed a Second Amended Complaint on October 23, 2015, and defendants' motion to dismiss Count Three (for substantive due process) was granted, without leave to amend. In April 2016, defendants' motion for summary judgment with respect to the individual defendant was granted but was denied as to the entity defendants. In August 2016, plaintiff filed a motion for partial summary judgment, which was denied. On August 9, 2017, Avendano-Ruiz was given leave to file a Fourth Amended Complaint adding a takings claim. Defendants now seek to dismiss Count Three (the takings claim) of the FAC.

## III. Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction over the asserted claims. It is the plaintiff's burden to prove jurisdiction

at the time the action is commenced. *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001); *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). A court considering a 12(b)(1) motion to dismiss is not limited to the pleadings, *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), but may rely on extrinsic evidence to resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). Once a challenge has been raised to the court's subject matter jurisdiction, the party opposing dismissal must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair*, 880 F.2d at 201; *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

A motion to dismiss a complaint under FRCP Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). When evaluating such a motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

When dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, dismissal may be ordered with prejudice. *Dumas v. Kipp, 90 F.3d 386*, 393 (9th Cir. 1996).

**IV. Discussion**

Defendants assert that Avendano-Ruiz's takings claim is not ripe for adjudication because he has not utilized adequate state procedures to seek compensation. Even if the impounding of Avendano-Ruiz's car may be construed as a physical taking, "[t]he Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Williamson*

*County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985). Pretaking compensation is not required under the Constitution, only a "reasonable and adequate provision for obtaining compensation after the taking." *Id.* at 195. Thus, before pursuing a takings claim in federal court, a "property owner must have sought compensation for the alleged taking through available state procedures." *Daniel v. County of Santa Barbara*, 288 F.3d 375, 382 (9th Cir. 2002). Although *Williamson County* addressed claims arising out of a regulatory taking, the requirement of exhaustion applies equally to claims in connection with a physical taking. *Id.*

Avendano-Ruiz does not allege that he has utilized state procedures to obtain compensation, nor does he succeed in demonstrating the inadequacy of available procedures. While a storage hearing or an administrative mandamus would not have yielded compensation for the time the car was impounded, Avendano-Ruiz cannot show that a lawsuit in state court is similarly inadequate. According to Avendano-Ruiz, any lawsuit he filed would have been rejected because California decisions regarding § 14602.6 have all found that the statute does not violate the Fourth, Fifth, or Fourteenth Amendment guarantees. On the contrary, the right to seek recovery for uncompensated takings is well established under California state law. *See* Cal. Const. Art. I § 19. The California decisions cited in Avendano-Ruiz's opposition discuss the Fifth Amendment only in reference to due process rights. Not one case addresses the Takings Clause at all. Therefore, Avendano-Ruiz has no basis to assert that state judicial remedies are inadequate. Because Avendano-Ruiz has not sought compensation for the alleged taking through state procedures, and because he has failed to show that such procedures were unavailable, his takings claim under the Fifth Amendment is not ripe for adjudication in federal court. It is therefore unnecessary to reach the question of whether Avendano-Ruiz has adequately stated a claim under the Takings Clause.

**V. Conclusion**

In pleading an unlawful taking under the Fifth Amendment, Avendano-Ruiz has failed to allege the necessary jurisdictional element of exhaustion or inadequacy of state remedies, and is unable to cure that defect in his opposition papers. For that reason, Count Three of the FAC is

dismissed without leave to amend as any effort to amend at this stage on this claim would be futile.

**IT IS SO ORDERED**.

Dated: September 25, 2017

_____
RICHARD SEEBORG
United States District Judge